## Conrad v. Conrad

*Dean A. Bowman,* for plaintiff.
*Daniel W. Rullo,* for defendant.

FIKE, *P.J.,* November 26, 1990—This case is before the court on defendant's objections to bifurcation.

40

Plaintiff has requested the court to enter a divorce decree under Divorce Code section 201(d), on the basis that the parties have lived separate and apart for more than two years, even though collateral economic claims have not been decided. Defendant objects to bifurcating the divorce and economic claims, claiming that the disadvantages of bifurcation outweigh the advantages.

. Plaintiff and defendant were married in September 1987, and separated just six months later in March 1988. Prior to marriage, the parties had entered into an antenuptial agreement, which, if valid will restrict defendant-wife's economic claims in the event of divorce. The divorce complaint was filed on April 5, 1988. An amended complaint was filed in March 1990, which added a count for divorce under Divorce Code section 201(d).

Defendant filed a counterclaim in April 1990, which includes a count for equitable distribution of property, a count claiming alimony, and a third count claiming alimony pendente lite, counsel fees and expenses. Defendant-wife challenges the validity of the antenuptial agreement.

Defendant-wife argues that bifurcation is not appropriate because (1) she has medical problems and has no health insurance coverage other than through her husband's employment, and the coverage through her husband's employment would terminate if a divorce were granted, and (2) her spousal support, which is now being paid in the amount of $456 per month, would terminate upon divorce.

Plaintiff-husband's attorney contends, on the other hand, that bifurcation should be granted because the parties have been separated for more than two years, the marriage is irretrievably broken, he is facing retirement in approximately 15 months, and he wishes to remarry and restructure his life as soon

as possible. Husband's counsel argues that although spousal support might terminate upon entry of a divorce decree, wife will be entitled to claim alimony pendente lite. In addition, husband's counsel contends that wife is opposing bifurcation merely to delay and to gain leverage for her economic claims, and that if the divorce decree were entered, the collateral economic issues would be settled much more promptly.

Balancing the opposing interests of the parties, we conclude that the divorce decree should be entered and the economic claims bifurcated.

Wife does not contest the fact that the parties have been separated for the requisite two years and that the marriage is irretrievably broken.

The parties were married and living together for a period of only approximately six months. The divorce action has been pending for over two years. Since the marriage is obviously irreconcilable, and the parties have been separated for over two years, plaintiff-husband's desire to remarry is understandable.

Although spousal support will terminate, wife may still pursue her claim for alimony pendente lite.

Although we recognize defendant-wife's potential medical problems, the desire to maintain health insurance coverage cannot justify delaying the divorce forever, and does not now provide legal cause for further delay, when we take into account that the parties were married and living together for only six months and the fact that these proceedings have been pending for over two years. The termination of medical insurance occurs upon divorce, whenever granted, and regardless of whether bifurcation occurs or not. Although a disadvantage to wife, it cannot be avoided at some point.

Consequently, we will grant the plaintiff-husband's request for entry of a divorce decree, and overrule defendant-wife's objection to bifurcation. Resolution of collateral economic issues will be reserved.

## ORDER

Now, November 26, 1990, it is ordered that defendant's objection to bifurcation is overruled. A bifurcated divorce decree will be entered upon transmittal of the record.